**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**WILLIAM STIVERS**                                                                 **PETITIONER**
**ADC# 139089**

**VS.**                          **NO. 5:09-CV-00103-SWW-BD**

**RAY HOBBS, Interim Director,**[1]
**Arkansas Department of Correction**                                     **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.**      **Procedure for Filing Objections**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date on the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

---

[1] In the Petition (#2), Petitioner names Larry Norris as Respondent. Under Rule 2 of the Rules Governing § 2254 Cases in United States District Courts, the proper Respondent is the state officer who has custody of Petitioner. That officer is currently Ray Hobbs, Interim Director of the Arkansas Department of Correction. Accordingly, Mr. Hobbs has been substituted as the Respondent.

    Mail your objections and "Statement of Necessity" to:

        Clerk, United States District Court
        Eastern District of Arkansas
        600 West Capitol Avenue, Suite A149
        Little Rock, AR 72201-3325

**II.**    **Background**

On June 15, 2007, Petitioner entered a plea of *nolo contendre* in the Circuit Court of Lonoke County to one count of rape and fifty-four counts of distributing, possessing or viewing matter depicting sexually explicit conduct involving a child. *Stivers v. State*, No. CR 08-203, 2009 WL 152468, *1 (January 22, 2009). The judgment and commitment order sentenced Petitioner to an aggregate term of 240 months in the Arkansas Department of Correction ("ADC"). *Id*.

Petitioner filed a timely petition under Rule 37.1 of the Arkansas Rules of Criminal Procedure with the trial court seeking post-conviction relief. *Id*. On November 27, 2007, the trial court denied the requested relief. *Id*.

On December 11, 2007, Petitioner filed a timely notice of appeal of the trial court's order denying post-conviction relief with the Arkansas Supreme Court. *Id*. Petitioner's brief was originally due on March 31, 2008. After Petitioner filed a non-complying brief, the Court set a new due date of April 14, 2008, for him to file a complying brief. (#10-5 at p. 1) Petitioner tendered a brief on May 28, 2008, along with a motion to file a belated brief.

In the brief, Petitioner claimed: (1) ineffective assistance of counsel because his second attorney was substituted as counsel and she was unfamiliar with his case; she failed to question potential witnesses or investigate defenses; and advised him that because his "case was not winnable" he would see a better result by taking a plea offer; (2) ineffective assistance of counsel for failing to move to suppress the pictures Petitioner was charged with possessing; (3) ineffective assistance of counsel for encouraging Petitioner to accept a plea offer; and (4) his arrest was illegal and unconstitutional because police tricked him into returning to work where they questioned him. *Id*. at \* 2-3.

In a *per curiam* opinion issued January 22, 2009, the Arkansas Supreme Court addressed the merits of Petitioner's claims, dismissed the appeal, and denied the motion to filed belated appeal as moot. *Id*. at \*4.

Petitioner raises the following claims in this habeas petition: (1) ineffective assistance of counsel because substituted counsel "refused to defend" and advised Petitioner to take the plea deal offered by the prosecutor; (2) ineffective assistance of counsel for failure to "procure material witness;" (3) ineffective assistance of counsel for failing to challenge the admissibility of the pictures Petitioner was charged with possessing; (4) ineffective assistance of counsel for failing to challenge Petitioner's allegedly unconstitutional arrest. (#2 at pp. 5-10)

Respondent argues that all of Petitioner's claims are barred by the statute of limitations or are procedurally barred. For the reasons set forth below, the Court recommends that the District Court dismiss Petitioner's habeas petition.

### III. Discussion

A.  *Statute of Limitations and Procedural Default*

Respondent argues that Petitioner's claims are barred by the statute of limitations or, alternatively, that Petitioner procedurally defaulted his claims in state court. The basis of both of these arguments is Respondent's contention that the Arkansas Supreme Court found that Petitioner's appeal of the trial court's order denying his petition for post-conviction relief was not "properly filed" and that, consequently, his claims were never exhausted in state court. Respondent argues because the claims were not properly filed in the Arkansas Supreme Court, Petitioner is not entitled to statutory tolling of the statute of limitations. Further, Respondent argues, because the Arkansas Supreme Court dismissed Petitioner's claims on procedural grounds, he is procedurally barred from raising them with this Court.

It appears, however, that the Arkansas Supreme Court ignored the procedural bar and reached the merits of Petitioner's claims. *Stivers*, 2009 WL 152468 at *2-3. If a state court ignores a potential procedural bar and reaches the merits of a prisoner's claim, the federal habeas court also may consider the claim. *Shaddy v. Clarke*, 890 F.2d 1016, 1017-18 (8th Cir. 1989) (citing *Vickers v. Ricketts*, 798 F.2d 369, 373 (9th Cir.1986), cert.

denied, 479 U.S. 1054, 107 S.Ct. 928 (1987)). If the state court relies on both the substantive merits and procedural default in rejecting a petitioner's claim, federal habeas review of the claim is precluded, "only if the last state court rendering a judgment in the case rests its judgment on the procedural default." *Harris v. Reed*, 489 U.S. 255, 262 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989). Therefore, only if the state court issues a "plain statement" that it is rejecting petitioner's federal claim on state procedural grounds will federal habeas courts be precluded from reaching the merits of the claim. *Id*. at 262.

In this case, the Arkansas Supreme Court addressed each of the claims made by Petitioner in his appeal and denied the appeal because it found that Petitioner "could not be successful" on any of his claims. The court denied the motion to file a belated appeal *as moot*. *Stivers*, 2009 WL 152468 at *1. Because it denied the motion as moot, the Arkansas Supreme Court never decided whether Petitioner's brief was untimely. The court did not, as Respondent suggests, reject Petitioner's appeal on procedural grounds. Accordingly, equitable tolling applies, and Petitioner's claims are not barred by the statute of limitations. Additionally, Petitioner has not procedurally defaulted his claims.

B.   *Limited Federal Review of Claims Adjudicated in State Court*

"When a claim has been adjudicated on the merits in state court, habeas relief is warranted only if the state court proceeding resulted in: (1) a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court; or (2) a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding." *Bucklew v. Luebbers*, 436 F.3d 1010, 1015 (8th Cir. 2006) (quoting 28 U.S.C. § 2254(d)(1) and (2)); see also *Rompilla v. Beard,* 545 U.S. 374, 380, 125 S.Ct. 2456, 2462 (2005).

A state court decision is "contrary to" federal law if the state court "arrives at a conclusion opposite to that reached by the [United States Supreme] Court on a question of law or if the state court decides a case differently than the [United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412-13, 120 S.Ct. 1495 (2000).

A decision is "an unreasonable application" of federal law "if the state court identifies the correct governing legal principle from the [United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 413. "In other words, it is not enough for us to conclude that, in our independent judgment, we would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006) (citation omitted).

Furthermore, in a federal habeas proceeding, a state court's factual findings are entitled to a presumption of correctness, absent procedural error. Those findings may be set aside "only if they are not fairly supported by the record." *Nicklasson v. Roper*, 491

F.3d 830, 841 (8th Cir. 2007) (quoting *Purkett v. Elem.*, 514 U.S. 765, 769, 115 S.Ct. 1769 (1995)).

In his Rule 37 petition filed with the trial court, Petitioner raised claims of ineffective assistance of counsel. The trial court denied his petition. Petitioner raised the same claims of ineffective assistance of counsel in his appeal to the Arkansas Supreme Court. Applying the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984), the Arkansas Supreme Court held that: (1) Petitioner had not shown a deficient performance by counsel or prejudice to his defense resulting from substitution of counsel; (2) Petitioner's did not allege facts showing that, but for his counsel's allegedly deficient advice or failure to interview witnesses and investigate his claim, he would not have pled *nolo contendere*; (3) Petitioner's claim that counsel was ineffective for failing to seek suppression of the photographs prior to entry of his plea was based on conclusory allegations and was not supported by any citation to authority or convincing argument, so counsel was not ineffective for failing to make a meritless argument; and (4) Petitioner's claim that his counsel was ineffective for failing to seek suppression of his arrest, prior to entry of his plea, was based on conclusory allegations and was not supported by any authority or convincing argument, so counsel was not ineffective for failing to make a meritless argument. *Stivers,* 2009 WL 152468 at *2-4.

The Arkansas Supreme Court appropriately applied the two-part *Strickland* test to Petitioner's ineffective assistance of counsel claims arising out of the plea negotiation process.  See *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S.Ct. 366 (1985).  When a claim of ineffective assistance of counsel arises out of the plea process, a petitioner must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.  See *Strickland*, 466 U.S. at 688; *United States v. Prior*, 107 F.3d 654, 661 (8th Cir.1997).

"Judicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment."  *Bucklew v. Luebbers*, 436 F.3d 1010, 1016 (8th Cir. 2006) (citing *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052); see also *Middleton v. Roper*, 455 F.3d 838, 845 (8th Cir. 2006).  Stated another way, "[t]he Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." *Yarborough v. Gentry*, 540 U.S. 1, 8, 124 S.Ct. 1 (2003).

1. Substitution of Counsel and Failure to Investigate

Petitioner claims that his first appointed counsel stated he could get the rape charge dismissed and had a strategy to defend his case, but when new counsel was appointed to his case, she said "she could not win my case and that I'd better take the

plea."[2] The Arkansas Supreme Court held that "[u]nder the Strickland test, the routine withdrawal and substitution of counsel does not in itself support a claim for ineffectiveness." *Stivers*, 2009 WL 152468 at *2.

Petitioner is also challenging his second counsel's failure to interview potential witnesses that he claimed "would testify to mitigating circumstances that would minimize my guilt." (#2 at p. 6) When a petitioner claims a failure of counsel to investigate the facts or advise him of a potential defense to the crime charged, the resolution of the "prejudice" inquiry depends largely on whether the affirmative defense likely would have succeeded at trial. *Hill*, 474 U.S. at 59, 106 S.Ct. 366.

In this case, Petitioner has not provided sufficient facts to support his claim. He says he provided counsel with the names of "witnesses," but in his Petition, he does not say who they are or what "mitigating circumstances" they could have testified to at trial. See *Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989) (appellant who produced no affidavit from a witness or any other independent support for his claim failed to show prejudice because he offered only speculation that he was prejudiced by his counsel's failure to interview the witness), cert. denied, 493 U.S. 898, 110 S.Ct. 252 (1989).

Further, Petitioner does not claim that if counsel had interviewed these witnesses her recommendation that he take the plea deal would have changed or that he would have

---

[2] On December 12, 2006, the trial court entered an order permitting Petitioner's first appointed counsel to withdraw because he had resigned his position with the Arkansas Public Defender Commission. (Exhibit A to Response (#10) at p. 52-53)

opted to reject the offered plea and go to trial. Petitioner faced a maximum sentence of forty years in prison on the rape charge, a class "Y" felony, and a maximum sentence of ten years on each count of possessing matter depicting sexually explicit conduct involving a child, a class "C" felony. As a result of the plea, Petitioner received an aggregate sentence of twenty years.

At the plea hearing, the Petitioner testified that he had gone over the written plea agreement with his attorney and was satisfied that she had fully explained to him all of the rights that he was giving up and the significance of his no-contest plea. (Exhibit A to Response (#10) at p. 2)  Further, Petitioner's counsel stated that she and her client had "reviewed the state's case thoroughly . . . listened to the taped statements of the witnesses . . . and reviewed all of the state's evidence, and based on that, we believe that the state could sustain its burden if we were to take it to trial, and this plea is in his best interest." The Court asked Petitioner if he concurred in his counsel's statement and he replied, "yes." (Exhibit A to Response (#10) at p. 4)

The Arkansas Supreme Court's conclusion that Petitioner had not established prejudice was not an unreasonable determination in light of the facts.

2. Failing to seek suppression of photographs and arrest

Petitioner also claims his second counsel was ineffective because she did not move to suppress the photographs he was charged with possessing or move to suppress his

arrest as unconstitutional.³  *Id*. at *3.  Petitioner claims the police did not obtain the photographs from him or from his property, that the photographs did not "depict sexually explicit conduct of any party," and would have been suppressed as fruit of the poisonous tree.  *Id*. at *3.

Petitioner also claims his counsel was ineffective because she did not move to suppress his unconstitutional arrest. (#2 at p. 10)  He maintains that the police tricked him into returning to work from his home for questioning.  (#2 at p. 10)  He claims this violated his rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.  (#2 at p. 10)

Petitioner again fails to provide any factual or legal support for his claim that counsel would have been successful on motions to suppress that he contends should have been filed.  Additionally, Petitioner does not claim he would not have pled guilty and that he would have insisted on going to trial if his counsel had filed these motions to suppress.  Based on the record, the Court cannot say that it was unreasonable for the Arkansas Supreme Court to conclude that Petitioner had not established that he was prejudiced by his counsel's conduct.  See  *Gingras v. Weber*, 543 F.3d 1001, 1004 (8th Cir. 2008) (where there is no reasonable probability that the motion to suppress statements would

---

³Petitioner's counsel did file a motion to suppress "a confession" obtained from the Petitioner by the Lonoke County Sheriff's Department. (Respondent's Exhibit A to Response at p. 64)

have been granted, petitioner cannot show a reasonable probability that the outcome of the proceeding would have been different).

IV. **Conclusion**

The Arkansas Supreme Court's decision affirming the trial court's denial of relief on Petitioner's Rule 37 petition was not contrary to clearly established Federal law or an unreasonable determination of the facts in light of the evidence presented. Accordingly, this Court recommends that the District Court dismiss William Stivers's Petition for Writ of Habeas Corpus (#2) with prejudice.

DATED this 23rd day of April, 2010.

_____
UNITED STATES MAGISTRATE JUDGE